UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| :LEVI-D: MAST, LOU-ETTA: MAST:, <br> and :DAVID-WYNN: MILLER, <br>     Plaintiffs, <br> <br> v. <br> <br> J.P. MORGAN CHASE, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    No. 1:12 CV 432 <br> ) <br> ) <br> ) |

## OPINION AND ORDER

    Plaintiffs Levi D. Mast, Lou-Etta Mast and David Wynn Miller (spelling their names in the ordinary way, as opposed to the stylized method in the complaint, which the court has attempted to reproduce above) filed a document they appear to intend function as a complaint against defendant Farmers State Bank.[1] The complaint, including attachments, is twenty-six pages long and is completely unintelligible.[2] Not surprisingly, defendant moved to dismiss[3] this action based on, in essence, the complaint's failure to state a claim because of its unintelligibility and because of its failure to give defendant fair notice of the claim. (DE # 7; DE # 9.) Plaintiffs have filed nothing in response to the motions to dismiss.

---

    [1] Defendant is incorrectly named as "Farmer" State Bank in the complaint.

    [2] The third attachment beginning at CM/ECF page 15 appears to be all or part of a real property mortgage document, and is not itself unintelligible. What is unintelligible is the meaning intended to be conveyed by the various annotations plaintiffs have made on the document.

    [3] For unknown reasons, defendant filed two motions to dismiss, a day apart. The substance of the motions is the same and the court considers them in tandem.

RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). RULE 8 establishes the pleading requirements for a complaint filed in federal court. RULE 8(a) states:

> A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>>
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>>
>> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court agrees with defendant that the complaint plaintiffs filed is completely incoherent and unintelligible. As such, it fails to provide, in a short and plain statement of the claim, fair notice of the claim or the grounds upon which it rests, or to present any facts from which it can be inferred that any plaintiff is plausibly entitled to some form of relief due to actions taken by the defendant. The indecipherable allegations lack any cognizable legal theory or sufficient facts to support a cognizable theory. A

"plaintiff must give enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), but the court is unable even to determine what story plaintiffs are attempting to tell through their assertions.

[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Hoskins v. Polestra*, 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense . . . even when the plaintiff has paid all fees for filing and service."). Although a district court should "allow ample opportunity for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim," *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (*quoting Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)), nothing here suggests plaintiffs would be able to state a meritorious claim.[4] *See also Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible" is completely acceptable.").

---

[4] Plaintiff Miller, who appears to be the source for a score of similar actions filed using virtually identical complaints, has failed to file a coherent amended complaint in any of the several actions in which the court has afforded him that opportunity.

The complaint's allegations are rooted in an incomprehensible method of written communication,[5] and the complaint suffers from more than a technical defect or curable shortcoming. Accordingly, defendant's motions to dismiss (DE # 7; DE # 9) are **GRANTED**, and this action is dismissed with prejudice. Clerk to enter final judgment.

**SO ORDERED.**

Date: April 25, 2013

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[5] A website purporting to be published by plaintiff Miller attempts to explain the communication method, but the court finds that explanation itself to be gibberish. *See* http://dwmlc.com/dwm/pages/category.php?category=1 (last visited April 24, 2013).